# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TOLLE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PORTFOLIO RECOVERY ASSOCIATES LLC,<br><br>　　　　Defendant.<br>_____/ | Case No.  1:15-cv-01800-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT THIS CASE SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH A COURT ORDER**<br><br>**OBJECTIONS DUE: 14 DAYS** |

**INTRODUCTION**

On March 10, 2016, the parties filed a Notice of Settlement indicating that settlement had been reached and requesting "45 days to file the necessary dismissal papers." (Doc. 7.) By its order entered on March 11, 2016, the Court granted the parties' request and ordered that the parties file "appropriate papers to dismiss or conclude this action in its entirety" by April 25, 2016. (Doc. 8.) The Court cautioned that "[f]ailure to comply with this order may be grounds for the imposition of sanctions on counsel or parties who contributed to the violation of this order." (*Id.*) The parties failed to file their dismissal papers by April 25, 2016. (*See* Docket.)

By its order entered on September 12, 2016, the Court ordered the parties to file their dismissal documents, or a joint status report indicating why such documents cannot be timely

filed, by no later than 5:00 p.m. on September 21, 2016. (Doc. 9.) No dismissal documents were filed.

On February 27, 2017, the Court entered an Order to Show Cause ("OSC") ordering the parties to file dismissal documents or a statement showing cause why the Court should not recommend to the presiding district court judge that this action be dismissed. (Doc. 10.) In its OSC, the Court cautioned the parties that, if they failed to file this statement by March 6, 2017, the Court would recommend to the presiding district court judge that this action be dismissed, in its entirety. (*Id.*)

On March 10, 2017, Defendant filed a "Response to Order for Show Cause," in which it indicates that while the case has settled, Plaintiff has repeatedly failed to return signed dismissal documents. (Doc. 11.) As such, Defendant requests that the case be dismissed with prejudice. (*Id.*)

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423–24; *see also Ferdik*, 963 F.2d at 1260–61; *Thompson*, 782 F.2d at 831. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The OSC expressly ordered Plaintiff to file a statement showing cause why the Court should not recommend to the presiding district court judge that this action be dismissed for failing to comply with the Court's September 12, 2016 order requiring the filing of dismissal documents. (Doc. 10.) Thus, Plaintiff had adequate warning that sanctions, up to and including dismissal of the case, would result from his noncompliance with the OSC.

Despite the Court's repeated admonitions, Plaintiff has exhibited no intent to proceed with prosecuting his case – as evidenced by his repeated failure to return dismissal documents to Defendant. (*See* Doc. 11.) Pursuant to Local Rule 110 and the Court's inherent power to sanction, the undersigned RECOMMENDS that this case be DISMISSED with prejudice.

//

//

**CONCLUSION AND RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that this case be DISMISSED with prejudice for failing to comply with the Court's OSC entered February 27, 2017.

The Court further DIRECTS the Clerk to send a copy of this order to Plaintiff at his address listed on the docket for this matter.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 21, 2017**                           /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE